# SUNG HO CHOI *v.* PATRICK ARGENTI
## (AC 24391)

Lavery, C. J., and Harper and West, Js.

Argued April 27—officially released September 27, 2005

*Stephan E. Seeger,* with whom was *Stephen J. Carriero,* for the appellant (defendant).

*Christopher L. Ulrich*, with whom, on the brief, was *Kelly P. Mai*, for the appellee (plaintiff).

WEST, J. In this action for breach of contract, the defendant, Patrick Argenti, appeals from the judgment of the trial court rendered in accordance with a report by an attorney trial referee (referee) in favor of the plaintiff, Sung Ho Choi. On appeal, the defendant claims that the court improperly rendered judgment on the report in favor of the plaintiff. We affirm the judgment of the trial court.

The plaintiff is the sole director and shareholder of Mapssy International, Inc. (Mapssy). The defendant is the sole director and shareholder of Pat Argenti Designs, Ltd. (Argenti Designs). On September 1, 1995, the defendant and Argenti Designs entered into a "license, sales agency and option agreement" (licensing agreement) with Mapssy and another corporation named Queenie Ltd. (Queenie). Pursuant to the licensing agreement, Mapssy supplied women's clothing that had been designed by Argenti Designs and Queenie. The licensing agreement provided that Mapssy would pay Argenti Designs a monthly advance against commissions depending on sales. Initially, the amount of the monthly advance was $125,000. In January, 1997, it fell to $60,000. After the plaintiff and the defendant discussed increasing the monthly advance, the defendant's secretary prepared a handwritten letter that read as follows:

"To: SH Choi

"From: Pat Argenti

"Re: Obligations and Commitments

"Mr. Choi will advance Pat Argenti $100,000.00 a month for June, July and August. Pat Argenti will take

care of all production, design and sales for Mr. Choi in 1998. Pat Argenti will pay Mr. Choi $160,000.00 on December 15, 1997.

"Sincerely,

"/s/ Pat Argenti"

The plaintiff satisfied his obligations pursuant to the letter, but the defendant failed to pay him $160,000 on December 15, 1997. The plaintiff then commenced this action, alleging that the defendant had breached his promise in the letter. The matter was referred to the referee, who conducted a trial and submitted a report finding that the defendant owed the plaintiff $160,000 plus interest. Thereafter, the court rendered judgment on the report in favor of the plaintiff. This appeal followed.[1]

"If . . . the language of the contract is clear and unambiguous, the court's determination of what the parties intended in using such language is a conclusion

[1] The defendant advances several arguments regarding whether the letter is a contract, but all of those arguments lack merit. First, the defendant argues that there was no consideration for the agreement in the letter. "Although an exchange of promises usually will satisfy the consideration requirement . . . a promise to do that which one is already bound by his contract to do is not sufficient consideration to support an additional promise by the other party to the contract." (Internal quotation marks omitted.) *Benedetto* v. *Wanat*, 79 Conn. App. 139, 150, 829 A.2d 901 (2003). Because the plaintiff and the defendant previously had not made the promises in the letter, the agreement in the letter was supported by consideration. Second, the defendant argues that the letter was a modification of the licensing agreement rather than an independent contract. Only the plaintiff and the defendant were parties to the agreement in the letter. The parties to the licensing agreement, on the other hand, were Mapssy, Queenie, Argenti Designs and the defendant. Finally, the defendant argues that Mapssy rather than the plaintiff should have brought this action because Mapssy actually paid the monthly advances. Clearly, it was proper for the plaintiff to commence this action because the plaintiff was a party to the agreement in the letter, but Mapssy was not. That Mapssy actually paid the monthly advances on behalf of the plaintiff does not bear on the plaintiff's right to sue the defendant for breach of contract.

of law. . . . In such a situation our scope of review is plenary . . . ." (Internal quotation marks omitted.) *Smithfield Associates, LLC* v. *Tolland Bank,* 86 Conn. App. 14, 18, 860 A.2d 738 (2004), cert. denied, 273 Conn. 901, 867 A.2d 839 (2005). "[B]ecause the attorney trial referee does not have the powers of a court and is simply a fact finder, [a]ny legal conclusions reached by an attorney trial referee have no conclusive effect. . . . The reviewing court is the effective arbiter of the law and the legal opinions of [a referee], like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment." (Internal quotation marks omitted.) *Chila* v. *Stuart,* 81 Conn. App. 458, 465, 840 A.2d 1176, cert. denied, 268 Conn. 917, 847 A.2d 311 (2004).

We determine that the letter is clear and unambiguous because the plaintiff promised to pay larger monthly advances to the defendant, and the defendant promised to pay the plaintiff back. Therefore, we conclude as a matter of law that the defendant intended to pay the plaintiff $160,000 on December 15, 1997.

Next, we examine the referee's finding that the defendant breached the agreement in the letter. "[W]hether there was a breach of contract is ordinarily a question of fact." (Internal quotation marks omitted.) *Smithfield Associates, LLC* v. *Tolland Bank,* supra, 86 Conn. App. 21. "The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Mitchell* v. *Guardian Systems, Inc.,* 72 Conn. App. 158, 162–63, 804 A.2d 1004, cert. denied, 262 Conn. 903, 810 A.2d 269 (2002).

Because there is evidence in the record to support the referee's finding that the defendant failed to pay the plaintiff, that finding is not clearly erroneous. The court therefore properly rendered judgment on the referee's report in favor of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.